480 P.2d 351

William A. HOLOHAN, Judge of the Superior Court of the State of Arizona, In and For the County of Maricopa, Petitioner,

v.

T. J. MAHONEY, Judge of the Superior Court of the State of Arizona, In and For the County of Maricopa; and Richard M. Kunkle, Real Party in Interest, Respondents.

No. 10115.

Supreme Court of Arizona, In Banc.

Feb. 4, 1971.

Moise Berger, Maricopa County Atty., by Albert I. Firestein, Deputy County Atty., Phoenix, for petitioner.

Gary Peter Klahr and Mickey L. Clifton, Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action wherein we are asked to prohibit the Honorable T. J. Mahoney, Judge of the Superior Court, from hearing the matter of Richard M. Kunkle, the real party in interest, who is resisting his termination as Youth Supervisor at the Maricopa County Juvenile Detention Home. The Honorable William A. Holohan, Judge of the Superior Court and also the Juvenile Judge for the County of Maricopa, is the petitioner.

We are called upon to determine whether the respondent, Richard M. Kunkle, is an employee of the Juvenile Court of Maricopa County and therefore independent of the Maricopa County Employees Merit System Commission, or an employee of the Board of Supervisors of Maricopa County and therefore entitled to the protection of said merit system.

The facts necessary for a determination of this matter on appeal are as follows. On 16 January 1969, Richard M. Kunkle was hired as Youth Supervisor at the Maricopa County detention facility. His duties were the custody, control and general supervision of juveniles kept in the home. He had previously taken a County Merit System examination and was interviewed by the Superintendent of the Juvenile Detention Home and two supervisors. The

Chief Probation Officer of the Maricopa County Juvenile Court recommended to the Juvenile Court Judge that he be employed. The Juvenile Judge approved this recommendation and notified the Board of Supervisors who officially made Kunkle's salary a county charge.

In June of 1970, he was notified that his services were not satisfactory. A hearing was offered before the Juvenile Judge, Judge Holohan. Said hearing was held on 9 June 1970, and thereafter, on 15 June 1970, the Juvenile Judge dismissed him.

Kunkle, on 25 June 1970, filed a petition in the Superior Court for special action contending that he was an employee of Maricopa County and not of the Juvenile Court and that he could only be terminated through action of the Maricopa County Employees Merit System Commission. The matter was assigned for hearing before Judge T. J. Mahoney. Before it could be heard, petitioner, the Juvenile Judge of Maricopa County, applied to this Court for special action to prohibit said hearing. The petitioner contended that the Superior Court was without jurisdiction to hear the matter for two reasons; one, that Richard M. Kunkle is an employee of the Juvenile Court and as such is not subject to the County Employees Merit System, and two, that one Superior Court judge may not review the actions of another Superior Court judge. We will consider in this opinion the question concerning Kunkle's status as a supervisor at the detention home. Our statutes read as follows:

"A. The board of supervisors shall maintain a detention home separate and apart from a jail or lockup in which adults are confined, which shall be under the charge of a person of good moral character, where children within the provisions of this article shall, when necessary before or after trial, be detained. * * *" § 8–226 A.R.S.

And:

"The juvenile court shall supervise the detention home, and shall appoint the

person to have charge thereof. * * *"
§ 8–227 A.R.S.

And:

"The salary of the chief probation officer of the juvenile court in each county, his deputies, assistants and all other employees, shall be fixed by the judge presiding in the juvenile court, with the approval of the board of supervisors, and shall be a county charge." § 8–205 A.R.S.

§§ 11–351, et seq., A.R.S., enacted after Kunkle was hired, provide for a county employees merit system. § 11–352 reads as follows:

"Any county may by resolution of the board adopt a limited county employee merit system for any and all county appointive officers and employees. Elected officers shall not be included in such merit system." § 11–352 A.R.S.

It is the contention of the respondent Kunkle that the legislature in passing this article intended to place juvenile home employees in the merit system. We can find no such intention. The legislature obviously intended by § 8–226 A.R.S. that the board of supervisors, which is the fund raising agency for county government, would have the obligation to raise the funds, erect the buildings, furnish them, and provide for the operating costs of the juvenile detention facility. But, by § 8–227 A.R.S., the day-to-day supervision and operation of this facility is entrusted to the juvenile court, and we do not believe that § 11–352 A.R.S. indicated a change in this intention if indeed the legislature may require court personnel to come under a county merit system.

If the juvenile judge is to be able to perform his duties he must have control over the personnel in his department who are directly in charge of the juveniles brought within the jurisdiction of the juvenile court. The Missouri courts have stated:

"We are of the opinion that within the inherent power of the Juvenile Court of St. Louis County, subject to the supervisory control of the Circuit Court of St. Louis County (citations omitted), is the authority to select and appoint employees reasonably necessary to carry out its functions of care, discipline, detention and protection of children who come within its jurisdiction, and to fix their compensation. In order that the Court may administer justice under the Juvenile Code, it is essential that it control the employees who assist it." State ex rel. Weinstein v. St. Louis County, Mo., 451 S.W.2d 99, 102 (1970).

Our Court in holding that the County Merit system does not apply to court personnel has stated:

"Although the specific relief requested is limited to a determination of whether these Petitioners shall be retained on the payroll of Maricopa County for an additional year, the actual issue is much broader and directly affects the operation of the Courts, that is: which department of government has the power of control of personnel directly connected with the operation of the Courts? The 'personnel' involved herein contemplates bailiffs, probation officers, court reporters, court administrators, secretaries, and others working directly in connection with the administration of justice." Mann v. County of Maricopa, 104 Ariz. 561, 563, 456 P.2d 931, 933 (1969).

The fact that the County of Maricopa assists in the hiring of employees of the juvenile home does not mean that they are subject to the Maricopa County Employees Merit System. At most, the hiring procedure involves both the County and juvenile judge, but once hired the employees perform their duties under the exclusive direction and control of the juvenile judge. They can be terminated by the juvenile judge and they are not subject to the control of the county board of supervisors or the County Employees Merit System.

With the issuance of the mandate herein, the Superior Court of Maricopa County and The Honorable T. J. Mahoney, Judge,

are hereby restrained from proceeding further in this matter.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.