544 P.2d 262

**John WHITE, Appellant,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, Hon. John P. Collins, Hon. Lee Garrett, Hon. Robert O. Roylston, Hon. Lawrence W. Galligan, Hon. Mary Anne Richey, Hon. Alice Truman, Hon. Richard N. Roylston, Hon. Jack G. Marks, Hon. Ben C. Birdsall, Hon. Norman S. Fenton, Hon. Joe Jacobson, Hon. J. Richard Hannah, and Hon. Robert B. Buchanan, Judges of the Superior Court in and for the County of Pima, State of Arizona, Appellees.**

**No. 2 CA–CIV 1948.**

Court of Appeals of Arizona, Division 2.

Dec. 31, 1975.

Rehearing Denied Feb. 4, 1976.

Review Denied March 2, 1976.

W. Edward Morgan, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen., by Alan S. Kamin, Asst. Atty. Gen., Phoenix, Chandler, Tullar, Udall & Richmond, by S.

Thomas Chandler, Sp. Asst. Atty. Gen., Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

Appellant, who served as director of the Pima County Conciliation Service, was terminated on February 26, 1974. He filed this action contending he was wrongly terminated and challenged the constitutionality of the statute under which he was dismissed. Appellee's motion for summary judgment was granted, hence this appeal.

Appellant first contends that A.R.S. Sec. 25–381.06 unconstitutionally vests power in the courts to arbitrarily deprive certain state employees of employment without due process of law. A.R.S. Sec. 25–381.06 grants the superior court the power to appoint and to terminate directors of conciliation. The statute provides:

"B. The appointments provided for in this section shall be made by and may be terminated by the judge of the conciliation court with the approval of a majority of the judges, including the judge of the conciliation court, of the superior court of the county, . . . "

Appellant contends the statute is unconstitutional per se because no standards or procedures are delineated for termination, thereby granting unbridled discretion in the judges.

██ We find the statute constitutionally vests complete discretion in the appointing authority to take away what it has given—no express reasons for termination are required. Service at the pleasure of the appointing authority is a common employment arrangement, and has been recognized and approved by the United States Supreme Court. In *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), the court acknowledged the executive power to discharge an employee, without giving reasons, where the employee did not come within any statute preserving employment rights. See also, *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701,

33 L.Ed.2d 548 (1972). We find A.R.S. Sec. 25–381.06 constitutional.

██ Appellant contends he was denied due process of law in being terminated without a hearing. Appellees concede that appellant's constitutionally protected property or liberty right could not have been deprived without affording procedural due process. Their position is that a "constitutionally protected interest" was not involved in view of the employment interest in issue. As held in *Board of Regents v. Roth,* supra, only a state-created expectancy of continued employment formulated a constitutionally protected property interest. The statute authorized appellant's appointment and continuance at the absolute and sole discretion of the appointing authority. No constitutionally protected interest in job expectancy is created. We recognize the expectancy requirement has its critics, but we find it a sound basis upon which to rest our holding.

██ Appellant points out that under *Board of Regents v. Roth,* supra, the concept of liberty as protected by the due process of law recognizes the protection of an employee's good name, reputation, honor and integrity and the freedom of the employee to take advantage of other employment opportunities. We find nothing in the record to suggest that appellant's termination improperly injured his reputation or his freedom to take advantage of other opportunities, nor has appellant directed our attention to any such basis. In *Roth,* the court noted:

"The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.'

*Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 . . . ." 408 U.S. at 573, 92 S.Ct. at 2707.

In *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), a plurality of the court stated:

" . . . [L]iberty is not offended by dismissal from employment itself, but instead by dismissal based upon an unsupported charge . . . ." 416 U.S. at 157, 94 S.Ct. at 1646.

No charge was brought against appellant by the appointing authority; there was simply a termination pursuant to statutory authority. No deprivation of liberty is involved.

■ Appellant argues that because A.R. S. Sec. 25–381.06 does not afford the same right to a hearing as is afforded other state employees under the merit system, he has been denied equal protection of the law.[1] His double barreled equal protection attack challenges the classification of directorship of the court of conciliation on the "rational basis" and the "compelling state interest" standard. We need not be concerned with the "compelling state interest" argument as this standard applies only when a suspect category or fundamental right is involved.

■ The Fourteenth Amendment requires that legislative classifications affecting some citizens differently from others be justified by a reasonable basis for achieving a legitimate state purpose. Thus, under the "rational basis" test, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). If the classification of the position of director of the court of conciliation insofar as the mode of selection and removal as contrasted with other state employees is palpably arbitrary, illu-

sory, or so invidiously discriminatory as to serve no legitimate state interest, then it must be stricken. *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

■ We find a rational basis for the classification. The duties of the director, set forth in A.R.S. Sec. 25–381.07, require that the director conduct investigations; hold conciliation conferences and hearings and report the results to the judge of the conciliation court; provide supervision in matters within the court's jurisdiction as the court may order; compile information and prepare reports as directed by the judge; and take care of other matters in furtherance of the court's business. It is readily apparent that his duties create a relationship with the conciliation court judge requiring utmost good faith and confidence. There is no room for long term personality clashes, nor prolonged individual friction impeding the work of the court. The director's duties call heavily upon the judgmental resources of the individual. Not only are objective characteristics and capabilities important, he must be able to get along with the judges. Thus, the position differs markedly from many others and a rational basis for the termination procedure is justified. An additional justification for the classification may be found in the doctrine of separation of powers requiring that the judiciary be permitted to administer its own personnel. *Holohan v. Mahoney,* 106 Ariz. 595, 480 P.2d 351 (1971); *Mann v. County of Maricopa,* 104 Ariz. 561, 446 P.2d 931 (1969).

■ Appellant's argument that the court erred in granting summary judgment is without merit. No factual dispute exists. The entire controversy is a legal question. One additional consideration is necessary—whether an assumed agreement to a hearing before termination could override and vary the terms of the statute. We hold that it would not. *Weitzel v.*

---

1. The termination procedure for other judicial employees also is not governed by the merit system procedure. See *Mann v. County*

*of Maricopa,* 104 Ariz. 561, 456 P.2d 931 (1969).

*Brown-Neil Corp.,* D.C., 152 F.Supp. 540 (1957); 17 C.J.S. Contracts § 4 (1963). No question of damages was presented, nor need we consider that aspect in view of our holding.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.